UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THE BOARD OF TRUSTEES,<br><br>                    Plaintiffs,<br>     v.<br><br>CORE CONCRETE CONSTRUCTION, INC.,<br><br>                    Defendant.<br>_____/ | No. C 11-02532 LB<br><br>**REPORT AND RECOMMENDATION RECOMMENDING GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; ORDER REASSIGNING CASE**<br><br>[ECF. No. 12] |

The court recommends granting default judgment in favor of Plaintiffs – the Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California – who sued Defendant Core Concrete Construction, Inc. for failing to make timely payments and make monthly reports in violation of the parties' bargaining agreement, the Employee Retirement Income Security Act (ERISA), and the Labor Management Relations Act. *See* Complaint, ECF No. 1 at 1-2.[1] Following a hearing on January 3, 2011, this court finds that (A) Plaintiffs established personal and subject matter jurisdiction, and (B) the factors in *Eitel v. McCool* favor entry of default judgment. The court recommends entry of default judgment of $19,201.21 in delinquent contributions, $6,915.81 in

---

[1] Court filings are identified by their docket number and page on the Electronic Case Filing ("ECF") docket sheet.

C 11-02532 LB
R&R RE DEFAULT JUDGMENT; ORDER REASSIGNING CASE

1  liquidated damages and interest, $556.06 in costs, and $8,033.75 in fees.

2  Because the defendant has not appeared and thus has not consented to magistrate judge
3  jurisdiction under 28 U.S.C. § 636(c), this matter should be reassigned to a district judge with this
4  recommendation for default judgment.

## II. FACTS

### A. Notice to Defendant

Plaintiffs filed the complaint on May 25, 2011 and personally served Defendant's agent for service on June 8, 2011. Proof of Service, ECF No. 4 at 4. On September 8, 2011, after Defendant failed to file a responsive pleading or otherwise appear in the case, Plaintiffs requested entry of default and mailed a copy of this request to Defendant on the same day. Motion for Entry of Default, ECF No. 7 at 3. The clerk of the court entered default on September 9, 2011. Entry of Default, ECF No. 9. On November 4, 2011, Plaintiffs filed a motion for default judgment and served Defendant by mail on the same day. Motion for Default Judgment, ECF No. 12 at 1; Certificate of Service, ECF No. 16 at 1-2.

### B. Parties and Terms of Collective Bargaining Agreement and Trusts

Plaintiffs are trustees and fiduciaries of multiemployer employee benefit plans – which were created by trust agreements subject to and pursuant to 29 U.S.C. § 186 – within the meaning of ERISA who administer the plans in the district. Complaint, ECF No. 1 at 2; Hagan Decl., ECF No. 14 at 2, ¶¶ 4-5; 29 U.S.C. §§ 1002, 1003, 1132(d). Defendant does business in California and is an employer engaged in an industry or activity affecting commerce within the meaning of ERISA and Section 301 of the Labor Management Relations Act. Complaint ECF No. 1 at 2; Hagan Decl., ECF No. 14 at 2-3, ¶¶ 6, 8; 29 U.S.C. §§ 1002(5), 1145; 29 U.S.C. § 185.

Plaintiffs and Defendant are parties to collective bargaining agreements that require Defendant to make employer contributions to the various trust funds. Complaint, ECF No. 1 at 2-3; Hagan Decl., ECF No. 14 at 3, ¶ 9; Exh. D (2006-2010 agreement), ECF No. 14-4 at 30-31; Exh. E (2010-12 agreement), ECF No. 14-5 at 30-31. In the event of a breach, the agreements also provide for liquidated damages to cover the damages incurred by the trust funds, interest on all delinquent contributions, attorneys' fees and other collection costs, and for the audit of the signatory

1 employer's books and records.  Complaint, ECF No. 1 at 3; Exh. F, ECF No. 14-6; Exh. G, ECF No.
2 14-7 at 2.  Liquidated damages are assessed at a flat fee of $150 per month along with a 1.5% per
3 month interest on all unpaid contributions.  Hagan Decl., ECF No. 14 at 3, ¶ 9; Exh. E, ECF No. 14-
4 5 at 31; Exh. G, ECF No. 14-7 at 2.  The agreements also state that the employers must permit a trust
5 fund auditor to review "any and all records relevant to the enforcement of the provisions of [the
6 agreements]."  Exh. D, ECF No. 14-4 at 14; Exh. E, ECF No. 14-5 at 14; *see also*  Hagan Decl., ECF
7 No. 14 at 20, ¶ 43.

### C. Plaintiffs' Requested Judgment

#### 1. Payments for outstanding contributions

Plaintiffs seek $19,201.21 in contributions for Defendant's unpaid reports from October 2010 to March 2011.  Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 4, ¶ 12.

#### 2. Liquidated damages and interest

Plaintiffs seek liquidated damages and interest of $6,915.81.  *Id.*

#### 3. Attorneys Fees and Costs

Plaintiffs also request fees of $9,758.75.  Motion, ECF No. 12 at 4; Lozano-Batista Decl., ECF No. 13 at 5, ¶ 10.  Plaintiffs seek costs of $556.06 too.  Motion, ECF No. 12 at 4; Lozano-Batista Decl., ECF No. 13 at 6, ¶ 12.

#### 4. Audit

Additionally, Plaintiffs seek an order compelling Defendant to submit to a complete audit to verify the amounts reported by Defendant and to determine whether Defendant's employees performed covered work under the collective bargaining agreement for which additional contributions are owed to the trust funds.  Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 20, ¶ 44.

### III. ANALYSIS

### A. Subject Matter and Personal Jurisdiction

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### 1. Subject Matter Jurisdiction

Plaintiffs allege that Defendant failed to make contribution payments, violating the collective bargaining agreement and provisions of ERISA. Complaint, ECF No. 1 at 3-5. The court has subject matter jurisdiction over these federal claims. *See* 28 U.S.C. § 1331(a).

### 2. Personal Jurisdiction

Defendant was served in California and engaged in business activities in the Northern District of California that are the subject of this lawsuit. Proof of Service, ECF No. 4 at 4; Hagan Decl., ECF No. 14 at 3, ¶ 8. The court has personal jurisdiction. *See, e.g., S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

## B. Default Judgment

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for – and the court may grant – a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper*, 792 F.2d at 925. Default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible." *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986). The court must consider the following factors when deciding whether to use its discretion to grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72. The factors here favor entry of default judgment against Defendant.

### 1. Merits and sufficiency of complaint (prongs two and three of *Eitel* test)

After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to the amount of damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The court is not required to make detailed findings of fact. *Id.* Default judgment cannot exceed in amount what is demanded in the pleadings. Fed. R. Civ. P. 54(c).

*a. ERISA claim*

29 U.S.C. § 1145 states that "every employer who is obligated to make contributions to a

multiemployer plan under the terms of the plan or a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such a plan or such agreement." Section 1145 creates a cause of action against employers who do not make timely contributions that are required under a collective bargaining agreement. *See Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 774-76 (9th Cir. 2009); *Board of Trustees v. RBS Washington Blvd. LLC*, No. C 09-0660 WHA, 2010 WL 145097, at *2 (N.D. Cal. Jan. 8, 2010). Plaintiffs here must prove the following: (1) the trusts are multiemployer plans as defined by 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated Defendant to make contributions; and (3) Defendant did not make the required contributions. 29 U.S.C. § 1145; *Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California v. Gervasio Envtl. Sys.*, No. C 03-4858 WHA, 2004 WL 1465719, at *2 (N.D. Cal. May 21, 2004).

Plaintiffs' complaint contains sufficient facts establishing the elements of the claim: the trusts are multiemployer benefit plans within the meeting of ERISA; the collective bargaining agreement required Defendant to make contributions to the plans; and Defendant did not make payments. Plaintiffs meet prongs two and three of the *Eitel* test. *See* ECF No. 1 (setting forth facts).

*b. 29 U.S.C. § 1985 claim*

29 U.S.C. § 185 permits Plaintiffs to sue for breaches of a collective bargaining agreement. Federal courts apply federal common law principles to determine the enforceability of contract provisions like liquidated damages provisions. *See Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 216 (9th Cir. 1989). Plaintiffs' complaint sufficiently alleges a contractual obligation to make contributions and a breach of that obligation.

**2. The Remaining *Eitel* Factors**

The remaining *Eitel* factors weigh in favor of granting default judgment.

*a. Possibility of prejudice to plaintiff.* If the motion is not granted, Plaintiffs have no recourse to enforce the terms of the agreement requiring Defendant to make plan contributions and pay liquidated damages.

*b. Possibility of dispute concerning a material fact.* Defendant never answered the complaint,

UNITED STATES DISTRICT COURT
For the Northern District of California

and so there is no information that there might be a disputed issue of material fact. The issues are straightforward: did Defendant fail to make timely contributions required by the agreement, and what are the liquidated damages and interest. Given that the issues are easily ascertainable, the possibility for substantial fact disputes seems unlikely.

   *c. Excusable Neglect.* There is no suggestion of excusable neglect.

   *d. The sum of money at stake in the action.* When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *See Eitel*, 782 F.2d at 1472 (three-million dollar judgment, considered in light of parties' dispute as to material facts, supported decision not to enter default judgment); *Tragni v. Southern Elec. Inc.*, No. 09-32 JF, 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Board of Trustees*, 2010 WL 145097 at *3 (*citing Eitel*, 782 F.2d at 1472). Nevertheless, where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *Board of Trustees of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.,* 2011 WL 2600898 at *2 (the sum of money for unpaid contributions, liquidated damages, and attorneys fees were appropriate as they were supported by adequate evidence provided by Plaintiffs). The amounts sought here are appropriate as they are supported by the evidence, and they are required by both the collective bargaining agreement and 29 U.S.C. §1132. *See Northwest Administrators, Inc. v. Albertsons, Inc.*, 104 F.3d 253, 257-58 (9th Cir. 1996). This factor does not disfavor entry of default judgment in this case.

   *e. Strong policy in Federal Rules favoring decisions on merits.* Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b); *see Board of Trustees v. RBS Washington Blvd, LLC*, 2010 WL 145097, *4.

**C. Relief Sought**

   *Under the collective bargaining agreement and the ERISA statute, when contributions are* unpaid, Plaintiffs may recover the following: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) such other legal or equitable relief the court deems appropriate. *See* Complaint, ECF No. 1 at 6-7, ¶3; 29 U.S.C. § 1132(g)(2).

   For the ERISA claim for damages under 29 U.S.C. § 1132(g)(2), Plaintiffs must prove their

1  entitlement to relief through written declarations and fulfill the following three requirements: (1) the
2  defendant must be delinquent in its contributions at the time the action is filed; (2) the district court
3  must enter judgment against the defendant; and (3) the plan must provide for the damages sought.
4  *Northwest Administrators, Inc.*, 104 F.3d at 257; *Idaho Plumbers & Pipefitters*, 875 F.2d at 215.  If
5  these requirements are met, an award of contributions, liquidated damages, and reasonable attorneys'
6  fees and costs is mandatory.  *Northwest Administrators*, 104 F.3d at 257; *Board of Trustees*, 2010
7  WL 145097 at *3.  Liquidated damages of up to 20 percent are permitted under 29 U.S.C. §
8  1132(g)(2).  Liquidated damages and reasonable fees and costs are mandatory under ERISA for
9  contributions that were unpaid at the time the action was filed.  *See Northwest Administrators*, 104
10 F.3d at 257.  Here, given the facts discussed above, Plaintiffs have proven their entitlement to the
11 requested relief.

12 For the breach of contract claim for damages, the district court applies federal contract law to
13 determine whether the liquidated damages are reasonable.  *See Idaho Plumbers,* 875 F.2d at 216.
14 Liquidated damages provisions must meet two conditions to be enforced: (1) the harm caused by the
15 breach of contract must be difficult or impossible to estimate; and (2) the amount of liquidated
16 damages must be a reasonable forecast of compensation for the harm caused.  *Id.* at 217; *United*
17 *Order of American Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519
18 F.2d 332, 332 (9th Cir. 1975) (upholding liquidated damages provision in collective bargaining
19 agreement of 10 percent of unpaid contributions); *see also* Finegan Declaration, Ex. 3, ECF No. 13-1
20 at 8 (recognizing that harm caused by the breach are difficult to estimate).  Liquidated damages for
21 late payments and reasonable fees and costs also are allowed and appropriate under the terms of the
22 collective bargaining and trust agreements.  *See Idaho Plumbers,* 875 F.2d at 214-18.  Again,
23 Plaintiffs have proven their entitlement to the requested relief.

24 **1. Delinquent Contributions**

25 Plaintiffs seek $19,201.21 as Defendant's balance of contributions due for unpaid reports from
26 October 2010 to March 2011.  Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 4, ¶ 12.
27 Plaintiffs are entitled to contributions as the trusts are multiemployer plans, the collective bargaining
28 agreement Defendant to make contributions, and Defendant failed to make contributions in whole or

in part. 29 U.S.C. § 1145; *Northwest Administrators*, 104 F.3d at 257.

**2. Liquidated Damages and Interest**

Plaintiffs seek liquidated damages and interest of $6,915.8. Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 4, ¶ 12. Plaintiffs are entitled to liquidated damages and interest on the unpaid contributions because the contributions were delinquent at the time the action was filed, an entry of default was entered against Defendant, and the agreement provides for the damages sought. *See Idaho Plumbers*, 875 F.2d at 215.

**3. Attorneys' Fees and Costs**

Plaintiffs also asked for fees of $9,758.75. Lozano-Batista Decl., ECF No. 13 at 5, ¶ 10. Plaintiffs requested costs of $556.06 too. *Id.* at 6, ¶ 12. The costs are comprised of a $350 filing fee, $199.74 for the service of the court documents, and $6.32 in research costs. *Id.* at 6, ¶ 11. These costs are reasonable.

As to attorneys fees, an award of fees is mandatory because contributions are unpaid, and the plan provides for reasonable fees and costs. *See Northwest Administrators*, 104 F.3d at 257. Fees also are allowed and appropriate under the terms of the collective bargaining agreement.

To determine a reasonable fee award in a case like this, federal courts use the lodestar method. *Grove v. Wells Fargo Financial Cal., Inc.,* 606 F.3d 577, 582 (9th Cir. 2010). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spend on the litigation by a reasonable hourly rate. *Id.*

a. *Reasonable Hourly Rate*

A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is "the forum in which the district court sits," which here is the Northern District of California. *Camacho*, 523 F.3d at 979. The party requesting fees must produce satisfactory evidence – in addition to the attorney's own affidavits or declarations – that the rates are in line with community rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir.1987). Plaintiffs described the qualifications of

1  Lozano-Batista, Hinkle, and the paralegals who worked on the case, requesting hourly fees of $345,
2  $345, and $145, respectively. Lozano-Batista Decl. 13 at 4-5, ¶¶ 5-6, 8-9. The court's docket review
3  establishes that the Northern District has approved roughly similar hourly rates for counsel. *See, e.g.,*
4  *Board of Trustees, in their capacities as Trustees of the Cement Masons Health and Welfare Trust*
5  *Fund for Northern California v. SLR Concrete Const., Inc.*, No. 09-2005 SC, 2010 WL 5422562, at
6  *3 (N.D. Cal. Dec. 28, 2010) (approving $325 per hour for Lozano-Batista, $275 per hour for Hinkle,
7  and $125 for the firm's paralegals).
8    *b. Reasonable Hours Expended*
9    Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise
10 unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v.*
11 *Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records
12 documenting the tasks completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565
13 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 945-46 (9th Cir. 2007).
14   Here, according to the declaration submitted by Lozano-Batista that provided a detailed summary
15 of the time expended by Plaintiffs' counsel, Lozano-Batista and Hinkle expended 21.5 hours and the
16 paralegals spent 4.25 hours on the matter. Lozano-Batista Decl., ECF No. 13 at 2-5, ¶¶ 4, 7. These
17 hours were reasonable.
18   Plaintiffs also request $1,725 for unbilled work associated with appearing at the hearing and other
19 unspecified follow-up work. But Plaintiffs do not specify the unbilled work and the court invited
20 Plaintiffs to appear at the hearing by telephone. Accordingly, the court recommends that Plaintiffs'
21 request for the additional $1,725 be denied. *See Board of Trustees in their capacities as Trustees of*
22 *Laborers Health and Welfare Trust Fund for Northern California v. Geotech Const., Inc.*, No. C
23 07-4783 BZ, 2008 WL 3496474, at * 3 (N.D. Cal. July 18, 2008) (recommending that a similar
24 request not be granted). Applying the hourly rates to the recommended hours, the court ultimately
25 recommends that Plaintiffs be awarded $8,033.75 in fees and $556.05 in costs.
26  **4. Audit**
27   Finally, Plaintiffs seek an order compelling Defendant to submit to a complete audit to verify the
28 amounts reported by Defendant and to determine whether Defendant's employees performed covered

work under the Collective Bargaining Agreement for which additional contributions are owed to the Trust Funds. Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 20, ¶ 44.

The terms of the collective bargaining agreement determine Defendant's responsibilities. *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir. 1990) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 568 (1985)). Here, the agreements require employers to submit to an audit at a trust fund's request. Accordingly, the court may compel Defendant to comply with its duties under the agreement. *See id.* (holding that courts could compel an employer to submit to an audit pursuant to the terms of a trust agreement); *Board of Trustees,* 2010 WL 145097 at *5 (citing *id.*).

## V. CONCLUSION

Because the defendant has not appeared and thus has not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the court **ORDERS** this matter reassigned to a district judge with this recommendation for default judgment.

The court **RECOMMENDS** that the district court **GRANT** Plaintiffs' Motion for Default Judgment. The court further **RECOMMENDS** that the district court **AWARD** Plaintiffs $19,201.21 in delinquent contributions, $6,915.81 in liquidated damages and interest, $556.06 in costs, and $8,033.75 in fees. The court also **RECOMMENDS** issuing the following order to Defendant:

> Defendant is ordered to submit to an audit by auditors selected by the Trust Funds at Defendant's premises during business hours, or where the records are kept, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Core Concrete Construction, Inc., a California Corporation, relating to the time period beginning November 1, 2009 to the present, that are relevant to the enforcement of the collective bargaining agreement or Trust Agreements, including but not limited to the following: individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120- 1040 or partnership tax returns; general ledger – (portion relating to payroll audit).

A final issue is whether the court should retain jurisdiction. Courts sometimes do this, and the district court could allow the Plaintiffs to file a second submission detailing the damages sought from Defendant (apart from the amounts discussed above) for any additional contributions that are revealed by the audit. The district court could then determine whether the requested relief is

C 11-02532 LB
R&R RE DEFAULT JUDGMENT; ORDER REASSIGNING CASE

appropriate. *See Board of Trustees*, 2010 WL 145097 at *2, *6-*7 (applying this procedure); *Walters v. Silveria*, No. C 07-1053 EMC, 2007 WL 2751217, at *5-*7 (N.D. Cal. Sept. 4, 2007).

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

The court further **ORDERS** Plaintiffs to serve a copy of this report and recommendation on Defendant.

This disposes of ECF No. 12.

**IT IS SO ORDERED.**

Dated: January 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge

Case 3:11-cv-02532-JSW   Document 20   Filed 01/17/12   Page 12 of 12